**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY DIXON, JR.,<br>Plaintiff,<br>v.<br>STACEY KERR, ESQUIRE,<br>Defendant. | Civil Action No. 25-14610 (GC) (JBD)<br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Anthony Dixon, Jr.'s revised Application to Proceed *in forma pauperis* (IFP) and Complaint against Stacey Kerr, Esq. (ECF Nos. 1, 5); and

**WHEREAS** Plaintiff alleges that, during a mediation on September 29, 2016, Defendant coerced and threatened Plaintiff into signing an unlawful agreement regarding child support and parenting time. (ECF No. 1 at 3-4.)[1] Plaintiff alleges that, because of this agreement, he lost money and access to his child.[2] (*Id.*) Accordingly, Plaintiff brings a claim under 42 U.S.C. § 1983, and he seeks approximately $3,000,000.00 in monetary relief. (*Id.* at 2, 4)[3]; and

---

1 Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

2 Plaintiff's Complaint initially refers to "property" and later clarifies that the property is his "lone offspring." (ECF No. 1 at 4.)

3 The Court notes that Plaintiff alleges the events underlying his constitutional claims occurred on September 29, 2016. (*Id.* at 3.) Claims brought under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act are subject to New Jersey's two-year statute of limitations on personal

**WHEREAS** in considering an application to proceed *in forma pauperis*, the Court engages in a two-step analysis. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *Ball v. Familia*, 726 F.3d 448, 452 (3d Cir. 2013). A court need not complete each step, nor must it do so in a specific order. *See Brown*, 941 F.3d at 660; and

**WHEREAS** the Court exercises its discretion to review the merits of Plaintiff's Complaint before it decides whether to grant the IFP Application. *See id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [('Rule')] 12(b)(6)." *Schreiner v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); and

**WHEREAS** Plaintiff fails to state a claim under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege: "(1) that the conduct complained of was committed by a person

---

injury actions and thus may be time-barred. *See Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).

acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). Liberally construing Plaintiff's Complaint as the Court must, the Court cannot discern a plausible constitutional claim from the minimal facts alleged. First, Plaintiff alleges no facts from which the Court can reasonably infer that Defendant acted under the color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[The] under-color-of-state-law element of Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). Second, while Plaintiff alleges that Defendant deprived him of his "rights and property" generally, (ECF No. 1 at 3), Plaintiff does not clarify which of his constitutional rights were violated by Defendant's conduct[4]; and

**WHEREAS** even if the Court infers that Plaintiff asserts a procedural due process claim under the Fourteenth Amendment, Plaintiff still fails to state this claim. To prevail on a procedural due process claim, a plaintiff must allege that (1) he was deprived of an individual interest included within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). In evaluating whether procedures satisfy due process, courts consider whether a plaintiff received, at a minimum, "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

[4] Of course, due process protections do not apply to private contractual or settlement agreements. *See SMI Indus., Inc. v. Lanard & Axilbund, Inc.*, 481 F. Supp. 459, 462 (E.D. Pa. 1979) ("[A] remedy devised by private parties and executed without the help of public officials does not constitute state action to which the due process clause would be applicable.").

Plaintiff's allegations do not articulate how the procedures available to him did not provide due process of law or the opportunity to be heard at a meaningful time or in a meaningful manner; and

**WHEREAS** because Plaintiff fails to state any federal claim over which this Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any potential state law claims.[5] *See Obuskovic v. Wood*, 761 F. App'x 144, 148-49 (3d Cir. 2019).

**IT IS** on this 30th day of July, 2026 **ORDERED** as follows:

1. The Clerk's Office shall **REOPEN** this matter.
2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice.
3. The Clerk's Office is directed to mail Plaintiff a copy of this Memorandum Order by regular U.S. mail and **CLOSE** this case.
4. Plaintiff may have this case reopened if, within thirty (30) days of the date of the entry of this Memorandum Order, Plaintiff files an amended complaint that cures the deficiencies set forth herein. Failure to file an amended complaint within that time will render the dismissal with prejudice or final. *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) ("When that 30-day period expired, the District Court's decision became final.").

Georgette Castner

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

[5] Although Plaintiff does not expressly assert any state law causes of action, his allegations that Defendant used "trickery, deception, and coercion" appear to potentially allege common law fraud or other common law claims. To the extent Plaintiff intends to assert such claims, the Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3).